UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCRETIA PENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4: 19 CV 1069 RWS |
| | ) | |
| STATE FARM MUTUAL AUTO. INS. CO., | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

On July 3, 2010, plaintiff Lucretia Penn was a passenger on her husband Charles Penn's motorcycle when they were involved in an accident. Charles Penn was driving, and plaintiff suffered substantial injuries. Charles and Lucretia Penn were insured by defendant State Farm, which issued five motor vehicle policies to the Penn family. The motorcycle policy issued by State Farm listed Charles Penn as the insured and had a liability limit of $25,000. The policies for the Penns' Dodge Dakota and Dodge Caravan listed Charles and Lucretia Penn as insureds, while the remaining two policies insured vehicles driven by their children and named the children, respectively, and Charles Penn as insureds. Plaintiff received the motorcycle policy's liability limit of $25,000 in damages from defendant State Farm in compensation for her injuries. Because the other driver involved in the accident was uninsured, plaintiff also received the policy limits of uninsured

motorist coverage under each of the four automobile policies issued to the Penn family by State Farm.

Plaintiff now seeks to recover additional amounts from State Farm under the underinsured (UIM) provisions of the four automobile policies. Plaintiff does not seek coverage under the motorcycle policy, nor does she contend that she is allowed to stack the underinsured provisions of the automobile policies. Before me now is State Farm's motion for summary judgment. Because plaintiff is not entitled to UIM coverage under the unambiguous language of the insurance policies, State Farm is entitled to summary judgment.

## Standards Governing Summary Judgment

In determining whether to grant summary judgment, the court views the facts – and any inferences from those facts – in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the nonmoving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1), (e). Where a factual record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

Relevant, Undisputed Background Facts

The four automobile policies at issue in this case contain identical policy language. The policies provide that State Farm "will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*." (Doc. # 13-2 at 19) (italics in original).[1] The UIM provision of the policies define "insured" to include "you" and "resident relative." (*Id.*). "You" is defined by the policies as "the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then '*you*' or '*your*' includes the spouse of the first person shown as a named insured if the spouse resides primarily with that named insured." (*Id.* at 9). The policies further provide in relevant part that "*underinsured motor vehicle* does not include a land motor vehicle . . . *owned by* . . . *you*." "Owned by" is defined as "owned by . . ." or "registered to . . . ." (*Id.* at 8).

The policies contain the following Exclusion:

THERE IS NO COVERAGE:

2. FOR AN *INSURED* WHO SUSTAINS BODILY INJURY:

---

[1] Italicized words are defined in the policies.

a. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* . . .; OR

b. THROUGH BEING STRUCK BY A MOTOR VEHICLE *OWNED BY* ANY *RESIDENT RELATIVE*.

(Doc. # 13-2 at 21). Under the policies, the Exclusion "does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* or through being struck by a motor vehicle not *owned by* one or both of them." (*Id.*). "Occupying" is defined by the policies as "in, on, entering, or exiting." (*Id.* at 8).

Charles and Lucretia Penn are listed[2] as the named insureds on the Declarations Page for Policy Number 87 9786-D04-25B, insuring a 2001 Dodge Dakota. Charles and Lucretia Penn are listed as the named insureds on the Declarations Page for Policy Number 349 9561-A09-25J, insuring a 2001 Dodge Caravan. Charles Penn and daughter Marisa Penn are listed as the named insureds on the Declarations Page for Policy Number G11 3665-B26-25G, insuring a 1999 Pontiac Sunfire. Son Devin Penn and Charles Penn are listed as the named insureds on the Declarations Page for Policy Number 58 6963-D07-25D, insuring a 2002 Hyundai Santa Fe.

---

[2] The insureds are listed in the order in which they appear on the Declarations Page.

Charles and Lucretia Penn were married and living in the same house during the relevant time period. The motorcycle driven by Charles Penn was registered and insured in his name.

## Discussion

Because this is a diversity case, I apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The parties agree that Missouri law controls.

In Missouri, there is no statutory requirement that an automotive insurance contract contain UIM coverage, so its existence is determined by the contract entered into between the parties. *Rodriguez v. General Accident Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. banc 1991). Under Missouri law, general rules of contract construction apply when interpreting an insurance policy. *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007). "The key is whether the contract language is ambiguous or unambiguous." *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993). "Absent an ambiguity, an insurance policy must be enforced according to its terms." *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007); *see also Rodriguez*, 808 S.W.2d at 383.

If ambiguity exists, the court interprets the policy in favor of the insured. *Todd*, 223 S.W.3d at 160. "An ambiguity exists when there is duplicity,

indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010) (quoting *Seeck*, 212 S.W.3d at 132). "Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009). Courts must "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant." *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008). Courts must apply "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance . . . ." *Seeck*, 212 S.W.3d at 132 (internal quotations and citations omitted). "'A contract or provision . . . is not ambiguous merely because the parties disagree over its meaning.'" *Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1016 (8th Cir. 2016) (quoting *Atlas Reserve Temps., Inc. v. Vanliner Ins. Co.*, 51 S.W.3d 83, 87 (Mo. Ct. App. 2001)).

The four automobile policies cover bodily injuries to "insureds" caused by drivers of "underinsured motor vehicles" but exclude from the definition of "underinsured motor vehicle" "a land motor vehicle . . . owned by . . . you." An "insured" is defined by the policies as "you," which is also defined by the policies as "the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person,* then '*you'* or '*your'*

6

includes the spouse of the first person shown as a named insured if the spouse resides primarily with that named insured." Although defendant does not dispute that plaintiff is an "insured" under the policies, to recover UIM benefits plaintiff must also demonstrate that she was injured by the driver of an "underinsured motor vehicle" as that term is defined by the policies.

In this case, plaintiff claims that she was injured by her husband, Charles Penn, who was driving his motorcycle, an "underinsured motor vehicle," at the time of the accident. The issue in this case, then, is whether Charles Penn's motorcycle can be considered an "underinsured motor vehicle" under the four policies at issue. Under the unambiguous language of the policies, it cannot.

Here, the policies specifically exclude from the definition of "underinsured motor vehicle" "a land motor vehicle . . . owned by . . . you." "You" is defined under the policies as "the named insured or named insureds shown on the Declarations Page." It is undisputed that Charles Penn is listed as a named insured on each of the four automobile policies and that he owns the motorcycle on which plaintiff was riding when she was injured. Contrary to plaintiff's argument, the policies are not ambiguous and do not require *both* named insureds to own the land motor vehicle for it to be excluded from coverage as an "underinsured motor vehicle." Instead, the policies plainly exclude from UIM coverage any "land motor vehicle" if it is owned by "the named insured or named insureds shown on

7

the Declarations Page." "Or" unambiguously states the disjunctive, not the conjunctive, and therefore does not require both named insureds to own the motorcycle for it to be specifically excluded from coverage as an "underinsured motor vehicle." The parties' arguments, then, regarding whether plaintiff is the "owner" of the motorcycle under Missouri law because she is the spouse of Charles Penn are immaterial to resolution of the issue before the Court because it is not disputed that Charles Penn owned the motorcycle. The policies specifically define "own" to include "registered to," and there is no dispute that the motorcycle was "registered to" Charles Penn. Because Charles Penn is a "named insured" on each of the four automobile policies at issue here, the policies specifically exclude from UIM coverage injuries caused to plaintiff by Charles Penn while she was riding on his motorcycle.

As the plain language of the four policies at issue unambiguously exclude coverage of Charles Penn's motorcycle as an "underinsured motor vehicle" in this case, the Court need not, and therefore does not, reach the interpretation of the policies' Exclusion provision and exception thereto.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [12] is granted, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2020.